IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELLEN SCHATZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 05-336J |
| JO ANNE B. BARNHART, | ) |
| COMMISSIONER OF | ) |
| SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM JUDGMENT ORDER

AND NOW, this 18th day of September, 2006, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Title II and Title XVI, respectively, of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 12) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 8) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by

substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. <u>Fargnoli v. Massanari</u>, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. <u>Jones v. Sullivan</u>, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed her applications for DIB and SSI on November 5, 2003, alleging disability beginning October 27, 2003, due to anxiety attacks and chronic back pain. Plaintiff's applications were denied. At plaintiff's request, an ALJ held a hearing on February 22, 2005, at which plaintiff appeared represented by counsel. On March 14, 2005, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on June 20, 2005, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff was 47 years old at the time of the ALJ's decision and is classified as a younger individual under the regulations. 20 C.F.R. §§404.1563(c), 416.963(c). Plaintiff has a high school education through a general equivalency degree. Plaintiff has past relevant work experience as a bus driver, cleaner and

courier, but she has not engaged in substantial gainful activity at any time since her alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence established that plaintiff suffers from the severe impairments of degenerative disc disease of the lumbar spine with foraminal stenosis, obesity, chronic pain syndrome, major depressive disorder and panic disorder, those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform a range of sedentary work with a number of other limitations. Plaintiff is limited to occasional balancing, stooping, kneeling, crouching, crawling and climbing ramps and stairs. She must avoid climbing ladders, ropes and scaffolds, and she must avoid pushing and pulling with the lower right extremity, including operating pedals. In addition, plaintiff is limited to simple, routine, repetitive tasks and no production or quota based work environment. Finally, plaintiff requires work that involves only simple work-related decisions, relatively few work place changes, and no more than occasional interaction with supervisors, co-workers or the public (collectively, the "RFC Finding"). As a result of these limitations, the ALJ determined that plaintiff

could not perform her past relevant work. Nonetheless, based upon the vocational expert's testimony, the ALJ concluded that plaintiff's age, educational background, work experience and residual functional capacity enable her to make a vocational adjustment to other work that exists in significant numbers in the national economy, such as a hand collator, hand packer, labeler/pricer or product inspector. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do [her] previous work but cannot, considering [her] age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §§423(d)(2)(A), 1382c(a)(3)(B).

To regularize the adjudicative process, the Commissioner has promulgated regulations that govern the evaluation of disability. 20 C.F.R. §§404.1501-.1598, 416.901-.998. The process is sequential and follows a "set order" of inquiries. 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the

criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of her age, education, work experience and residual functional capacity. Id.; see also Sykes v. Apfel, 228 F.3d 259, 262-63 (3d Cir. 2000). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4); see Santise v. Schweiker, 676 F.2d 925, 927 (3d Cir. 1982).

In this case, plaintiff challenges the ALJ's findings at step 5 of the sequential evaluation process. At step 5, the Commissioner must show that there are other jobs that exist in significant numbers in the national economy which the claimant can perform consistent with her age, education, past work experience and residual functional capacity. 20 C.F.R. §§404.1520(g)(1), 416.920(g)(1). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by her impairments. 20 C.F.R. §§404.1545(a)(1), 416.945(a)(1); Fargnoli, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet certain demands of jobs, such as physical demands, mental demands, sensory requirements and other functions. 20 C.F.R. §§404.1545(a)(4), 416.945(a)(4).

Here, plaintiff challenges the ALJ's step 5 finding on a number of grounds, none of which the court finds persuasive.

Plaintiff argues that the ALJ erred at step 5 because: (1) the RFC Finding is not supported by substantial evidence; (2) he gave inadequate weight to the opinion of plaintiff's treating physician; (3) he did not properly evaluate plaintiff's subjective complaints regarding her limitations and pain; and (4) the hypothetical question to the vocational expert did not include all of plaintiff's limitations.  Each argument will be addressed in turn.

Plaintiff first contends that the ALJ made the RFC Finding based on his own conclusions, and not the medical evidence, thus the RFC Finding is not supported by substantial evidence. Contrary to plaintiff's assertion, the ALJ thoroughly discussed, analyzed and relied on the medical evidence of record in making the RFC Finding. (R. 16-20).  The ALJ cited to objective medical tests, such as a lumbar X-ray and MRI, which showed some osteophytes in the lumbar spine and a minimal L4-5 disc bulge, but were otherwise unremarkable. (R. 120-21).  The ALJ also discussed the medical opinion evidence concerning plaintiff's physical and mental limitations, and he identified the weight he gave to each physician's opinion, as well as his reasoning. (R. 19-20).  The ALJ then made an RFC Finding which fully accommodates plaintiff's limitations that are supported by the evidence.  The RFC Finding includes a limitation to sedentary work with a number of postural restrictions to account for plaintiff's back pain associated with her degenerative disc disease and obesity.  In addition, the RFC Finding includes numerous restrictions to accommodate her mental

impairments, such as limiting her to simple, routine, repetitive tasks, no production or quota based work environment, simple work-related decisions, relatively few work place changes and no more than occasional interaction with supervisors, co-workers or the public.[1] (R. 20). All of these limitations are based on the ALJ's consideration of the record evidence, not his own conclusions as plaintiff suggests. After reviewing the record as a whole, this court is satisfied that the RFC Finding is supported by substantial evidence, and plaintiff's argument to the contrary lacks merit.

Plaintiff next contends that the ALJ erred by giving inadequate weight to the opinion of her treating physician, Dr. Kelly Warshel. A treating physician's opinion on the nature and severity of a claimant's impairment will be given controlling weight if it is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other evidence of record. 20 C.F.R. §§404.1527(d)(2),

---

[1] With respect to plaintiff's mental limitations, she complains that the ALJ erred in determining that she has only moderate limitations in concentration, persistence and pace. Contrary to plaintiff's assertion, that determination is supported by the findings of both the consultative examiner, Dr. Eric Bernstein, and the state agency psychologist. Dr. Bernstein prepared a detailed report of his examination of plaintiff and rated her as being moderately limited in understanding, remembering and carrying out detailed instructions, but not limited at all in regard to short, simple instructions. (R. 166). In addition, the state agency psychologist rated plaintiff as being moderately limited in carrying out detailed instructions, but not significantly limited in ten other areas involving concentration and persistence. (R. 182-83). These findings support the ALJ's determination that plaintiff has moderate limitations in concentration, persistence and pace.

416.927(d)(2); Fargnoli, 247 F.3d at 43. Under this standard, Dr. Warshel's opinion is not entitled to controlling weight.

The ALJ considered Dr. Warshel's opinion that plaintiff was temporarily disabled for 6 months, that she did not have the capacity for even sedentary work, and that she experiences fatigue, requires rest periods during the work day, and needs to frequently elevate her legs during the work day. The ALJ explained that Dr. Warshel's opinion is inconsistent with plaintiff's reported daily activities and other medical evidence of record. (R. 19). The ALJ correctly observed that the limitations identified by Dr. Warshel are not reflected in any of her treatment notes. Rather, Dr. Warshel made these conclusory findings on a form report entitled "Medical Source Statement of Claimant's Ability to Perform Work-Related Physical Activities", which included little or no explanation for the doctor's assessment of plaintiff's capabilities. (R. 227-29).

Furthermore, although plaintiff contends that Dr. Warshel's opinion is consistent with findings made by Dr. Samuel Massoud, who performed a consultative physical examination of plaintiff, that contention is incorrect. Dr. Massoud's written report indicates that plaintiff's muscle power is 5/5 in all extremities, she has normal station and gait and no muscle atrophy. (R. 148-49). Dr. Massoud also noted that plaintiff's flexion and extension around the knees is somewhat limited due to her obesity, as is forward flexion around the hip joint. She has no limitation of movement in her cervical spine, but lumbar spine flexion and

extension is minimally limited. (R. 148). Dr. Massoud's report indicates that plaintiff has some physical limitations, but he does not conclude that she is precluded from all work activity.

Contrary to plaintiff's suggestion, Dr. Massoud's assessment of her capabilities does not limit her to less than sedentary work. Presumably, plaintiff bases this assertion on the medical source statement form attached to Dr. Massoud's written report. While the written report is very detailed, it appears that Dr. Massoud did not complete the form report in its entirety, and to the extent he made some notations on the form, they are not legible. Nonetheless, the ALJ accommodated the physical limitations identified by Dr. Massoud in his written report by restricting plaintiff to sedentary work with a variety of postural restrictions. For these reasons, as well as those discussed above, the ALJ properly evaluated and weighed the opinion of plaintiff's treating physician and the consultative examiner, and he did not err in making the RFC Finding.

Plaintiff next claims that the ALJ erred in evaluating her subjective complaints regarding her pain, fatigue and numbness. A claimant's complaints and other subjective symptoms must be supported by objective medical evidence. 20 C.F.R. §§404.1529(c), 416.929(c); <u>Hartranft v. Apfel</u>, 181 F.3d 358, 362 (3d Cir. 1999). An ALJ may reject the claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. <u>Schaudeck v. Commissioner of Social Security</u>, 181 F.3d 429, 433 (3d Cir. 1999). Here, the ALJ analyzed plaintiff's

subjective complaints in detail, and he explained why he did not find plaintiff's testimony to be fully credible.

In evaluating plaintiff's complaints, the ALJ complied with the appropriate regulations and considered all of the relevant evidence in the record, including the medical evidence, plaintiff's activities of daily living, plaintiff's medications and the extent of her treatment, plaintiff's own statements about her symptoms and statements by her physicians about her symptoms and how they affect her. See 20 C.F.R. §§404.1529(c)(1), 416.929(c)(1); Social Security Ruling 96-7p. The ALJ then considered the extent to which plaintiff's alleged functional limitations reasonably could be accepted as consistent with the evidence of record and how those limitations affect her ability to work. 20 C.F.R. §§404.1529(c)(4), 416.929(c)(4). The ALJ determined that the objective evidence is inconsistent with plaintiff's allegation of total disability. Accordingly, the ALJ determined that plaintiff's testimony regarding her limitations was not entirely credible. (R. 22). This court finds that the ALJ adequately explained the basis for his credibility determination in his decision (R. 16-20), and is satisfied that such determination is supported by substantial evidence.

Plaintiff's final argument is that the ALJ's hypothetical to the vocational expert was flawed because it did not account for her fatigue, her need to take frequent breaks during the work day, and her need to frequently elevate her legs during the work day. All of these limitations were identified by Dr. Warshel on the

Medical Source Statement form. (R. 227).

An ALJ's hypothetical to a vocational expert must reflect all of the claimant's impairments and limitations supported by the medical evidence. <u>Chrupcala v. Heckler</u>, 829 F.2d 1269, 1276 (3d Cir. 1987). Here, the ALJ's hypothetical incorporated all of plaintiff's limitations that the evidence of record supported, including all of the factors that were the basis of the RFC Finding. As discussed above, Dr. Warshel's opinion was not entitled to controlling weight, thus the limitations which she identified properly were excluded from the hypothetical. Significantly, no other physician found that plaintiff needed to elevate her legs, or that she needed to take frequent breaks during the day due to fatigue or otherwise.[2]

The court finds that the ALJ's hypothetical to the vocational expert fairly set forth every credible limitation established by the evidence of record. Nothing in the record suggests that any other limitations should have been incorporated into the hypothetical. Accordingly, the ALJ did not err in relying on the vocational expert's testimony to conclude that plaintiff can perform other work which exists in the national economy.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ

---

[2] To the extent that plaintiff experienced fatigue due to her medications, she requested that Dr. Karumudi, who prescribed Paxil which caused her drowsiness, lower the dosage. (R. 196). That request was honored (R. 196), and there is no other evidence in the record to support plaintiff's claim that she experiences fatigue and needs to take frequent breaks throughout the day.

determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

                                                       */s/ Gustave Diamond*
                                                       Gustave Diamond
                                                       United States District Judge

cc:   William J. Remaley, Esq.
      Berger & Green
      5850 Ellsworth Avenue
      Suite 200
      Pittsburgh, PA 15232

      John J. Valkovci
      Assistant U.S. Attorney
      224 Penn Traffic Building
      319 Washington Street
      Johnstown, PA 15901